**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley Tyler Williams,<br><br>         Plaintiff,<br><br>v.<br><br>Andrew Saul, Commissioner of the Social Security Administration,<br><br>         Defendant. | No. CV-16-04445-PHX-DGC<br><br>**ORDER** |

Plaintiff's counsel, Alan Schiffman and Anna Schiffman, have filed a motion for an award of attorneys' fees under 42 U.S.C. § 406(b). Doc. 24. The motion is fully briefed. Docs. 27, 28. For reasons stated below, the Court will grant the motion and award $5,403 in attorneys' fees.

**I.      Background.**

On August 9, 2017, the Court granted the parties' stipulation to reverse the Commissioner's decision denying Plaintiff social security benefits and remand the case for further proceedings. Docs. 19, 20. On remand, Plaintiff received $100,652 in past-due benefits. Docs. 24 at 12, 24-1, 28-2. On June 16, 2020, counsel filed the present motion for attorneys' fees under § 406(b), requesting $5,403 for 17.8 hours of work performed in this case. Doc. 24 at 11.

**II.     Legal Standard**

Section 406 establishes the "regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Section 406(b) states:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id. Gisbrecht* also recognized that a claimant's attorney who has received fees under § 406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, must refund to the claimant the smaller fee award. *Id.* at 796.

**III.    Discussion.**

The fee agreement between Plaintiff and counsel provides that counsel shall receive 25% of the past-due benefits award. Doc. 24-2. The Commissioner withheld $25,163 (25% of the $100,652 in past-due benefits) for a possible fee award under § 406. Doc. 24 at 2. Counsel received $19,760 in fees for the administrative time spent on behalf of Plaintiff pursuant to § 406(a). Doc. 28-1. As noted, counsel now requests a fee award of $5,403 – the remaining amount of the 25% withheld from the past-due benefits – for work performed in this case. Doc. 24-2 at 2.

The Commissioner does not oppose the amount of fees sought. Doc. 27 at 2. Instead, the Commissioner contends that requested fee award should be denied because counsel's undue delay in seeking fees likely prejudiced Plaintiff. *Id.* Specifically, the Commissioner argues that counsel has offered no explanation as to why it took more than 600 days from the date of the notice of award to file the present motion. *Id.* at 3.[1]

Counsel for Plaintiff counter that they filed the administrative petition for fees on January 22, 2019 – only a few months after the notice of award issued – and the Commissioner did not rule on the petition until June 9, 2020, a period of 504 days. Doc. 28 at 2. Counsel notes that it was only after the Commissioner ruled on the petition that counsel knew the remaining amount withheld from Plaintiff's past-due benefits that was available for a possible fee award under § 406(b). *Id.* at 2-3. Counsel filed the present motion less than a week after the Commissioner ruled on the administrative petition.

The Court cannot conclude that counsel's motion should be denied as untimely or as prejudicial to Plaintiff. The Court finds the requested fee amount of $5,403 to be reasonable, as it equates to an hourly rate of $303 ($5,403 divided by 17.8 hours). *See Encinas v. Colvin*, No. CV11-1063-PHX-DGC, 2015 WL 6152785, at *2 (D. Ariz. Oct. 20, 2015) (finding $410 to be "a reasonable rate given the inherent risk of contingent fee agreements") (citing cases); *see also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same). The Court will grant counsel's motion and award them $5,403 in attorneys' fees, to be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits. *See id.* at *3 (awarding counsel $5,000 in fees). Counsel shall refund to Plaintiff the $3,484.64 EAJA award. *See* Doc. 23; *see also* 42 U.S.C. § 406(b)(1); 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

**IT IS ORDERED:**

---

[1] The Commissioner notes that § 406(b) itself contains no time limit for fee requests, and while the Ninth Circuit has yet to address the issue of timeliness, other circuits and district courts in the Ninth Circuit are split on the issue. *Id.* at 3-4 & n.1 (citing cases).

1. The motion for attorneys' fees (Doc. 24) filed by Plaintiff's counsel, Alan Schiffman and Anna Schiffman, is **granted** pursuant to 42 U.S.C. § 406(b).

2. Plaintiff's counsel are awarded **$5,403.00** in attorneys' fees, to be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits.

3. The Commissioner shall pay Plaintiff's counsel **$5,403.00** within 30 days from the date of this order.

4. Plaintiff's counsel shall reimburse Plaintiff **$3,484.64**, the amount previously paid by the government under the EAJA, within 30 days from the date of this order.

5. Plaintiff's counsel shall promptly provide Plaintiff with a copy of this order.

Dated this 4th day of August, 2020.

_David G. Campbell_
David G. Campbell
Senior United States District Judge